Leon Ogent, Plaintiff in Error, v. Louis Beasley and Edward C. Zulley, Defendants in Error.

Opinion filed September 16, 1935.

HAROLD J. BANDY, of Granite City, for plaintiff in error.

LOUIS BEASLEY and EDWARD C. ZULLEY, of East St. Louis, *pro se.*

MR. JUSTICE STONE delivered the opinion of the court.

On the 8th of February, 1935, plaintiff in error filed his transcript of record in this court and on that day sued out a writ of error to reverse a decree of the city

court of East St. Louis. The decree sought to be reversed was rendered in the city court on December 13, 1933.

On December 31, 1934, plaintiff in error filed in the city court a written motion entitled "Complainant's Motion to set aside Court Order," in which he requested said city court to set aside and vacate the decree of December 13, 1933, on the ground that said decree is null and void and upon other grounds stated in said motion. Defendants moved the court to strike this motion and on January 16, 1935, said motion to strike was allowed.

Defendants in error now move this court to dismiss said writ of error and as grounds therefor allege the following:

"1. The final order and decree was entered on January 16, 1935, at which time the City Court refused to vacate the former decree of December 13, 1933, and thereupon ordered: 'Therefore, it is ordered by the Court, that the decree of this Court filed herein on December 13, 1933, stand as entered.'

"2. That no notice of appeal was filed in this cause with the Clerk of the City Court of the City of East St. Louis at any time within ninety (90) days from date of said decree; and that no copy of such notice was ever served on these defendants.

"3. That as a next step, following the entry of said order or decree of January 16, 1935, plaintiff in error procured a purported transcript of the record from the Clerk of the City Court of East St. Louis and filed the same, together with an abstract and brief, with the Clerk of this Court on May 13, 1935.

"4. That such transcript was not filed in pursuance to the command of any writ from this Honorable Court, for the reason that no such writ ever was issued from this Court."

Plaintiff in error takes the position that this writ is prosecuted to reverse the final decree of December

13, 1933, and that it in no way seeks to review the order of January 16, 1935.

We are familiar with the authorities cited by defendants in error in support of their motion and are in perfect harmony with the principles held by said authorities but those authorities deal entirely with appeals from judgments entered after January 1, 1934. Whether those cases apply here depends upon whether we regard this writ as a proceeding to review the order of January 16, 1935, or the decree of December 13, 1933.

Within two years from December 13, 1933, plaintiff had a right under the Practice Act of 1907 to adopt the method of review which he did adopt. He had a right, and in our judgment it was proper, before suing out his writ of error to move the trial court to set aside the decree complained of. The fact that the trial court refused to set aside and vacate its decree did not take from plaintiff in error his right to have reviewed the original decree. It merely gave the trial court opportunity to correct its own error if it were convinced that it had committed error. An analogous situation is the filing and denial of a petition for rehearing in this court. When application for leave to appeal to the Supreme Court is made, it does not seek an appeal from the order denying a rehearing but from the judgment of this court on the merits of the case. Similarly in appeals from judgments of the trial courts entered before motions for new trials are heard. If the motion is denied, the appeal is from the judgment and not from the order denying the motion for a new trial. The filing of the motion to vacate the decree was merely an incident which plaintiff in error might or might not bring about. This writ of error is to review the final decree of December 13, 1933.

We are now to consider whether that decree may be reviewed according to the procedure which is before

us. Rule one of our Supreme Court rules adopted December 22, 1933, provides:

"All provisions of the Civil Practice Act with respect to review in civil proceedings by the Supreme or Appellate Courts shall apply to orders, determinations, decisions, judgments or decrees entered by trial courts on or after January 1, 1934. All suits in which a summons has been issued prior to January 1, 1934, but in which no pleadings have been filed by either party prior thereto, shall be governed by the Civil Practice Act. The provisions of the Civil Practice Act with respect to service of process issued on or after January 1, 1934 (sections 6, 10, 13–19), appearance (section 20), and trial practice (sections 48–73), shall apply to proceedings instituted prior to January 1, 1934, and not on trial prior to that day. Except as provided by this rule, or by written stipulation of parties, or by order of the court, upon notice and motion, proceedings instituted prior to January 1, 1934, shall not be governed by the Civil Practice Act."

The repeal section of the Civil Practice Act expressly provides that it shall not impair or affect any action or proceeding commenced before the act takes effect.

In view of the foregoing and the fact that this writ of error is for the purpose of reviewing the decree of December 13, 1933, we are of the opinion that the sections of the Civil Practice Act insisted upon by defendants in error do not apply and that plaintiff in error was within his rights in adopting the method of review that he did adopt. The motion to dismiss the writ of error is denied and defendants in error are ruled to file their briefs by October 10, 1935.

*Motion denied.*